ROBERT, PLAINTIFF AND APPELLEE, *v.* BOARD OF PHARMACY OF
PORTO RICO, DEFENDANT AND APPELLANT.

APPEAL from the Second District Court of San Juan in
Mandamus Proceedings.

No. 2782.—Decided June 29, 1923.

PHARMACIST—LICENSE.—A person to whom a pharmacist's license was never ac-
tually issued can not obtain such a license under section 9 of Act No. 15
of 1921, although he may prove that he has all of the other qualifications
to which the said statute refers.

The facts are stated in the opinion.

*The Attorney General* and *Messrs. R. H. Todd, Jr., M.
A. Muñoz* and *J. E. Figueras, Fiscal,* for the appellant.

*Mr. José de Guzmán Benítez* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the
court.

This is an appeal in mandamus proceedings brought by
Rafael Robert to compel the Board of Pharmacy of Porto
Rico to recognize his right to continue practicing the pro-
fession of pharmacy and to deliver to him his license as a
pharmacist in order that he may practice that profession
freely.

The grounds of the petition are that in October of 1913
the petitioner made application to the Board of Pharmacy
for admission to examination to obtain a license as phar-
macist, exhibiting with his application a diploma of graded
teacher of English; that the petitioner passed an exami-
nation on all subjects required by the regulations and paid
the necessary fee for his license, which was issued but not
delivered to him for reasons beyond the control of the board
or of the petitioner; that after the license had been issued
the petitioner was notified by the board to call for it, and
then took place the unexpected occurrences that brought
about the prosecution and removal of some of the members
of the said board and the seizure by the district attorney

of all the records of its office, this being the reason why the petitioner did not get his license that was among the papers of the board; that thereafter the government substituted the members removed by other persons and then the petitioner applied to the board for the delivery of his license and in January of 1916 the board not only denied the petitioner's application for the delivery of his license but also annulled the examination that the petitioner had passed on the ground that when he was enrolled for examination in pharmacy he had not complied with the statutory requisite of exhibiting a high school diploma to credit his education, but had presented only a diploma of graded teacher of English; that after the said decision of the board the Legislature of Porto Rico passed Act No. 15 of May 19, 1921, and, inasmuch as the petitioner had practiced the profession consecutively for more than six years and had absolutely no participation in the occurrences that brought about the prosecution and removal of some of the members of the Board of Pharmacy in the year 1913, he petitioned the said board that in accordance with section 9 of the said act and in view of the fact that he possessed the qualifications required by law, his right be recognized to practice his profession of pharmacist and his diploma be delivered to him, and that on July 20, 1921, the board denied the said petition on the ground that there was no reason for revoking the decision made in 1916.

A conditional or alternative writ of mandamus was issued and the defendant filed an answer in which the first allegation is "that the conditional writ issued does not show that the court had before it facts sufficient to constitute a cause of action against the defendant Board of Pharmacy." The answer also denied specifically the allegations contained in the writ.

The proceedings were heard and on January 23, 1922,

the court below issued a peremptory writ "commanding the Board of Pharmacy of Porto Rico immediately to recognize the right of Rafael Robert to practice and continue practicing the profession of pharmacy and to deliver to him the corresponding pharmacist's license." From that order the present appeal was taken and although the appellant assigned several errors, we consider essential to this appeal only the following:

1.—Misapplication of Act No. 15 of May 19, 1921, authorizing the creation of a Board of Pharmacy, etc., and for other purposes; and

2.—Erroneous weighing of the facts.

It appears from the evidence that in 1913 Rafael Robert made application to the Board of Pharmacy to be enrolled for examination for the practice of the profession of pharmacy and for a license to practice in Porto Rico. He was so enrolled after having complied with subsections 1, 2 and 3 of section 7 of the Act of March 8, 1906, providing for the creation of a Board of Pharmacy, as amended by the Act of March 10, 1910. The said section reads as follows:

"On the first half of October, the Board of Pharmacy shall enroll all students who shall present for this purpose:

"(1) An application for examination.

"(2) Document to identify the application (sic).

"(3) Certificate of character.

"(4) Diploma or document showing that he has successfully passed an examination embracing all the scientific and literary subjects of the course at some high school of the Island or at some reputed similar or analogous institution of the United States or elsewhere if satisfactory to the Board."

The fourth requirement was not duly complied with, because the petition was accompanied by only a diploma of graded teacher of English, which is not equivalent to a high school diploma. This was a defect; yet the Board of

Pharmacy admitted the petitioner to examination and he afterwards passed an examination on all subjects required by the regulations for the practice of the profession of pharmacy, including the examination in practice. If we were to consider the defect of presenting a diploma of graded teacher of English in the light of the mandatory requirement of subdivision 4 of section 7, *supra,* our conclusion would be that the Board of Pharmacy acted *ultra vires* in admitting, passing and issuing a license to the petitioner in such circumstances, the doctrine applicable to that effect being that laid down by this court in the cases of *Monclova* v. *Board of Pharmacy,* 24 P. R. R. 42; *Vives* v. *Board of Pharmacy,* 24 P. R. R. 626, and *People* v. *López,* 28 P. R. R. 350, and especially the holding in *People* v. *López* that the Board of Pharmacy has no discretion to say what is equivalent to a high school diploma, and that the words "satisfactory to the board" refer only to the certificate of having obtained a high school diploma in the United States or elsewhere.

But after those cases were reported it seems that an attempt was made to create an entirely new situation by the enactment by the Legislative Assembly of Porto Rico of Act No. 15 of May 19, 1921, authorizing the creation of a Board of Pharmacy and for other purposes. This Act, without doubt, was passed for the purpose, among others, of solving or validating the positions of those pharmacists who while innocent as to certain occurrences that brought about the prosecution of some members of the Board of Pharmacy, obtained their diplomas without first having complied with the requirements of the law then in force. To that effect section 9 of the recent Act provides as follows:

"That any person to whom a license of pharmacist shall have been issued without first complying with the requirements provided for by law and shall have practiced consecutively for a period of

not less than three years, shall be entitled to practice or to continue practicing the profession of pharmacy, provided such person shall not have been convicted of fraud for the purpose of securing the issuance of such license."

This section requires: 1st, the issuance of a license in pharmacy without previous compliance with the statutory requirements; 2nd, practice of the profession for not less than three consecutive years; 3rd, not having been convicted of fraud for the purpose of securing such license.

By stipulation of the parties (page 37 of the record) it was admitted that in September of 1914 the petitioner had passed an examination on all subjects of the profession of pharmacy, including the practical examination. It was shown that after this examination most of the members of the board were changed, and the new secretary, acting for the board, informed the petitioner of different resolutions by letters which read as follows:

"San Juan, P. R., August 4, 1915.—Sir: I have the honor to acknowledge receipt of your letter of July 27th wherein you state that some time ago you paid the corresponding fee for the issuance of your pharmacist's license and that you have not yet received it In reply I inform you that this fee paid by you is in the possession of the board, but the matter of your license can not be settled until the decision of the District Court of San Juan is known with regard to certain matters of the former Board of Pharmacy."

"San Juan, P. R., December 24, 1915.—Sir: Your letter of the 11th asking for your pharmacist's license was submitted to the board at its session of the 21st and the board decided to ask you for all of the diplomas, certificates, etc., relative to your education presented by you when applying for admission to examination. When you have sent these documents the board will examine them and will inform you in due course of the result."

"San Juan, P. R., January 18, 1916.—Sir: I have the honor to acknowledge receipt of your letter of the 6th instant and of several diplomas and certificates of education presented by you to the former Board of Pharmacy. I submitted the said documents and

certificates to the Board at its session of the 14th instant and the board decided not to accept them for the reason that they are not sufficient as equivalent to the high school diploma required by subdivision 4 of section 7 of the Pharmacy Act as amended by Act of March 10, 1910. Therefore, in accordance with the resolution of this Board adopted at its session of December 21st, your conditional admission by the former Board in October of 1913 is declared null and void and your examination in pharmacy is cancelled, for which reason you can not practice the profession in this Island. Mr. R. L. Daubón, treasurer of this board, has the money that you sent some time ago for your pharmacist's license and you may ask him to return it when you deem it convenient Yours very truly, J. P. Serra, secretary of the Board of Pharmacy.—Mr. Rafael Robert, Guaynabo, P. R.—P. S. I am returning under separate cover the diplomas and certificates sent by you.''

"San Juan, P. R., July 20, 1921.—Mr. Rafael Robert, 'La Fé' Drug-store, Santurce, P. R.—Sir: By order of the secretary of the Board of Pharmacy and in accordance with the request contained in your letter of the 7th instant I have to inform you that at a session held by this Board on the 16th your letter was submitted and discussed and the Board decided to ratify the contents of the letter addressed to you on January 18, 1916, inasmuch as the board can see no reason to revoke the decision adopted at that time.—Yours very truly, T. Vera Viera, Clerk, Board of Examiners.''

From all of these letters it appears clearly that the essential ground of the board's refusal to recognize the petitioner's right to continue practicing the profession and to give him the license alleged by him to have been issued by the said board prior to the appointment of the new members was always that the petitioner had presented with his application a diploma of graded teacher of English which the board considered insufficient because not equivalent to the high school diploma required by subdivision 4 of section 7 of the former Act.

Hence, taking as a basis the resolutions of the Board of Pharmacy as it was constituted in the years 1913 and 1914

which did not provide for the issuance of a license to the petitioner, for the practice of his profession, it is clear that this case does not fall within section 9 of Act No. 15, *supra,* approved on or before May 6, 1921, on which day it was received by the Governor of Porto Rico, who did not return it to the House of its origin before the 19th of May, for which reason it became a law and went into effect on August 17, 1921.

But on the merits of the case, although the evidence shows that from 1914 to 1921 the petitioner practiced the profession of pharmacy uninterruptedly, yet the essential fact of the issuance of a license to the petitioner was not established. This is one of the requirements for the application of section 9, *supra.* It would seem logical to assume, in the natural course of events, that after a student is enrolled and takes and passes his examinations the corresponding license would be issued to him authorizing him to practice his profession lawfully. Yet, this is one of the points most strongly combated by the appellant. The evidence of the petitioner tended to show that the license was *issued,* but it is admitted that it was not *delivered* pending its being copied into the book of facsimiles. And not only was not this requirement complied with, but also it does not appear from the minutes of the Board of Pharmacy that the license was issued, and it was not found among the records or documents seized by the district attorney on the occasion of the criminal action against certain members of the said board for the fraudulent issuance to other persons of licenses for the practice of the profession. It is true that what is referred to appears rather from circumstantial evidence, but if to this be added the negative testimony of Ramón L. Daubón, one of the members of that board who had no connection with the offenses committed, we must conclude that the evidence tends strongly to show that the license never existed, and on this point the material and

pertinent portion of the testimony of Ramón Daubón was as follows:

"Q.—After he had been enrolled and passed the examinations, do you remember if there was issued or if it was decided to issue a license to Mr. Robert? A.—No. Q.—Did the Board of Pharmacy at any time decide to issue a pharmacist's license to Mr. Robert? A.—No. Q.—Do you remember whether the Board of Pharmacy or any of its members signed a license in favor of Mr. Robert? A.—I do not know. Q.—Have you signed any license in favor of Mr. Robert? A.—No. Q.—How many members did the Board have? A.—Five; Pedro Juliá, chairman, José J. Monclova, secretary, I, the treasurer, and Calderón and Ramírez. Q.—Were you the treasurer? A.—Yes. Q.—At all events you would have had to sign that license if it had been issued? Yes.—Did you sign it? A.—No. Q.—That is all."

We have no doubt about the testimony of Daubón. He was a member of the Board of Pharmacy and innocent of all connection with the frauds committed. His testimony could not be suspected in the least as against that of the other members of the board who had been prosecuted for trading in the issuance of licenses. Their testimony was suspicious of itself and also lacked all credibility in view of the silence of the minutes on this point and of the fact that the document was not found in the files of the said board seized by the police and the district attorney for the purpose of the criminal action against them. Our conclusion is that the license never existed; therefore, section 9 of Act No. 15, *supra,* is not applicable to this case.

For the foregoing reasons the judgment of the lower court is reversed and the complaint dismissed without costs.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.